UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,

    Plaintiff,

vs.

V-STAR, LTD. and 6 W 24 SUPER ECC, LLC,

    Defendants.

## COMPLAINT

Plaintiff, CARLOS RUIZ FLOREZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, V-STAR, LTD. and 6 W 24 SUPER ECC, LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant/bar located at 6 W 24th Street, New York, NY 10010 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

4.  Plaintiff, CARLOS RUIZ FLOREZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

5.  Defendant, V-STAR, LTD., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, V-STAR, LTD., is the owner of the Subject Premises.

6.  Defendant, 6 W 24 SUPER ECC, LLC, is a Delaware limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 6 W 24 SUPER ECC, LLC, filed the assumed name "LA COMPAGNIE WINE BAR/EXPERIMENTAL COCKTAIL CLUB" on April 9, 2024, and is the owner/operator of the restaurant/bar "LA COMPAGNIE" located at the Subject Premises.

7.  New York State Liquor Authority records indicate that Defendant, 6 W 24 SUPER ECC, LLC, doing business as LA COMPAGNIE WINE BAR/EXPERIMENTAL COCKTAIL CLUB, was issued an On Premises Liquor license on June 2, 2024 for the Subject Premises.

8.  LA COMPAGNIE, located at 6 West 24th Street in New York, NY, is a café and lounge offering a curated selection of specialty coffee drinks, pastries, and light fare in a modern, upscale environment. The establishment serves both individual patrons and small groups, providing a setting suited for casual dining and professional gatherings. The Plaintiff appreciates the quality of the menu offerings and the atmosphere at LA COMPAGNIE. However, despite the Plaintiff's appreciation for the venue, significant accessibility barriers hinder their ability to fully utilize the facilities, in violation of the ADA.

9. In addition to his personal interest in accessing the offerings of LA COMPAGNE, Plaintiff has a meaningful connection to the surrounding Flatiron neighborhood. Plaintiff often visits nearby venues such as Madison Square Park, a meeting point where Plaintiff meets friends, relaxes with coffee and visits the gardens.

10. Plaintiff also frequents nearby downtown areas that have small theaters, and performance spaces that reflect his passion for the arts. Plaintiff's routine presence in this culturally rich neighborhood demonstrates a legitimate and ongoing interest in visiting LA COMPAGNE and enjoying its offerings on an equal basis with non-disabled citizen

## FACTUAL ALLEGATIONS AND CLAIM

11. On or about October 2024, and again on June 26, 2025, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

12. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

13. In addition to his ongoing interest in the Facility, Plaintiff intends to visit the Park to see the new arboretum and gardens in October and would like to go the LA COMPAGNIE in the early evening to meet family and friends for drinks, snacks and desserts.

14. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical

barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

15. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

16. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

17. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

18. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

19. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

20. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

21. On or about October 2024, and again on June 26, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

22. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

23. Plaintiff restates Paragraphs 1-22 as though fully set forth herein.

24. Defendants, V-STAR, LTD. and 6 W 24 SUPER ECC, LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

25. V-STAR, LTD., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

26. 6 W 24 SUPER ECC, LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

27. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various

physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. Inaccessible entrance. The required minimum clear width is not provided at the door opening of either leaf of the double-leaf entrance door in violation of ADAAG 206, 402 and 404.

2. The bar is inaccessible as it is too high and does not provide enough knee and toe clearance in violation of 226, 902 and 306.

3. The restrooms are not accessible for numerous reasons including but not limited to, non-compliant light switches; lack of maneuvering clearance space; non-compliant grab bars; non-compliant flush valve; pipes under the sink that are not insulated; inaccessible mirror

28. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

29. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Subject Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Subject Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

30. Plaintiff, in his capacity as a tester, will return to the Subject Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical

disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

31. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

32. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

33. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

34. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

35. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the

Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

                                              Respectfully submitted,

August 14, 2025

                                              */s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
Bar No. JT2817
641 Lexington Avenue, 15th Floor
New York, New York 10017
(917) 669-6991
TucekLaw@Gmail.com
*Attorney for Plaintiff*